UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN K. ESCOBAR,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA CORRECTIONS DEPARTMENT,<br><br>Respondent. | Case No. 2:19-cv-00625-GW-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

# I.

# INTRODUCTION

On January 14, 2019, Bryan K. Escobar ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. 1 at 8 [signature date].[1]) Petitioner is a

---

[1] All page citations are to the CM/ECF pagination. "Under the mailbox rule, a prisoner's pro se habeas petition is deemed filed when he hands it over to prison authorities for mailing to the relevant court." Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citation omitted). A court generally deems a habeas petition filed on the day it is signed, Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010), because it assumes the petitioner turned the petition over to prison authorities for mailing that day. Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam, as amended). A petitioner is not entitled to the benefit of the

1

California state prisoner currently in custody due to pleading nolo contendere to "possession of a firearm." (Id. at 2.) He now contends that he was "pressure[d] to sign a deal." (Id. at 3.)

Pursuant to Rule 4 of the Rules Governing § 2254 Petitions, the Court may raise sua sponte the issue of whether the Petition is timely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Day v. McDonough, 547 U.S. 198, 202 (2006); Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004). The Court therefore orders Petitioner to show cause in writing on or before **March 4, 2019**, why the Petition should not be dismissed as untimely and/or unexhausted.

## II.
## PROCEDURAL HISTORY

Per the Petition, Petitioner was sentenced by a judge the same day that he pled nolo contendere: August 10, 2017. (Dkt. 1 at 2.) He did not pursue a direct appeal or file any collateral challenges prior to filing the instant Petition. (Id. at 3.)

He now raises five claims for habeas relief: (1) his conviction violates the Second Amendment, because he has a right to "possess a firearm for household safety"; (2) his conviction violates the First Amendment, because he has "a right to protest against non-religious belief based on [his] religion …"; (3) his conviction is cruel and unusual punishment, because he is at risk of assault while in custody; (4) the search that led to discovery of the firearm violated the Fourth Amendment; and (5) he is eligible for early release under Proposition 57.² (Id. at 5-6.)

---

mailbox rule, however, if he gave the petition to prison authorities after the statute of limitations period had already expired. Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). For purposes of this order, the Court assumes (without deciding) that Petitioner is entitled to the benefit of the mailbox rule.

² California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes. Travers v. California, 2018 U.S. Dist. LEXIS 18715, at *3-4 (N.D. Cal. Feb. 5, 2018). Because success on a Proposition 57 claim (i.e., obtaining consideration for parole)

# III.

# DISCUSSION

**A.     The Petition Appears Untimely.**

Under AEDPA, a state prisoner ordinarily has one year from the date his conviction becomes final to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner was convicted and sentenced on August 10, 2017. (Dkt. 1 at 2.) He had 60 days to file a direct appeal. Cal. R. of Court, rule 8.308(a). Absent tolling, Petitioner therefore had until October 9, 2018, to file his federal petition. Because Petitioner constructively filed his Petition on January 14, 2019, without tolling it is untimely under AEDPA.

The period of limitation is tolled while a properly filed state post-conviction petition is pending. 28 U.S.C. § 2244(d)(2). Petitioner, however, fails to identify any post-conviction petitions that would create statutory tolling.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). To qualify, a petitioner must demonstrate: (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstance" stood in his way that prevented him from timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). To be eligible for equitable tolling due to mental impairment, a petitioner must meet a two-part test:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
>
> > (a) petitioner was unable rationally or factually to personally understand the need to timely file, or

---

will not necessarily lead to immediate or speedier release, such claims must be alleged as civil rights claims, not habeas claims. Id. at *7-8.

3

> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010).

The Petition does not identify any grounds for statutory or equitable tolling.

**B.  The Petition Appears Unexhausted.**

The United States Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982). To satisfy the exhaustion requirement, a petitioner must fairly present his federal claims in the state courts to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). Exhaustion requires that a petitioner's claims be fairly presented to the highest court in a state court system even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981), cert. denied, 455 U.S. 1023 (1982).

Petitioner does not claim to have exhausted any of his claims by fairly presenting them to the California Supreme Court. (See Dkt. 1 at 2-8.) Petitioner's

4

five claims thus appear unexhausted.

Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a wholly or partially unexhausted petition to allow a petitioner to exhaust his claims in state court without running afoul of AEDPA's one-year statute limitations period. Id. at 273-75; Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) ("a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines"). A district court may stay a petition if: (1) the petitioner has good cause for his failure to exhaust his claims; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. Rhines, 544 U.S. at 278. A petitioner is not entitled to a Rhines stay if he filed his federal petition after the AEDPA statute of limitations had already expired. King v. Frauenheim, 2016 U.S. Dist. LEXIS 20634, at *22 (N.D. Cal. Feb. 19, 2016).

Should Petitioner opt to move for a Rhines stay, the Court notes preliminarily that he may have difficulty showing that he has any meritorious habeas claims. His Eight Amendment and Proposition 57 claims appear to be civil rights claim, not habeas claims. His Fourth Amendment claim is not cognizable on federal habeas review. Stone v. Powell, 428 U.S. 465, 481-82 (1976). His First Amendment claim is unintelligible. Finally, if Plaintiff was convicted under one of the California Penal Code sections tying restrictions on gun ownership to criminal history,[3] then his Second Amendment claim likely lacks merit. District of Columbia v. Heller, 554 U.S. 570, 626 (2008) ("Although we do not undertake an

---

[3] See, e.g., Cal. Penal Code § 29800 (criminalizing possession of a firearm by a felon), § 29805 (criminalizing possession of a firearm by persons convicted of certain misdemeanors), § 29815 (criminalizing possession of a firearm in violation of probation condition), § 29820 (criminalizing possession of a firearm for persons convicted of juvenile offenses), and § 29825 (criminalizing possession of a firearm in violation of a temporary restraining order, injunction, or protective order).

exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill ….").

## IV.
## CONCLUSION

**On or before March 4, 2019,** Petitioner shall therefore respond to this Order to Show Cause ("OSC") by doing one of the following:

(1) Show in writing why his Petition is timely and exhausted; or

(2) Show in writing why his Petition is timely, and move under <u>Rhines</u> to stay this habeas action while he exhausts his claims in state court, explaining why he satisfies all three requirements for a <u>Rhines</u> stay; or

(3) File a voluntary dismissal of this action.

If Petitioner elects to voluntarily dismiss this action, then he may still file a civil rights lawsuit in the Southern District of California (i.e., the jurisdiction where he is presently in custody) arguing that staff members at San Diego's Richard J. Donovan Correctional Facility have failed to protect him and/or failed to comply with the requirements of Proposition 57.

DATED:  <u>February 05, 2019</u>

_____
KAREN E. SCOTT
United States Magistrate Judge