# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 2:19-cv-00625-GW-KES            Date: April 16, 2019

Title: BRYAN K. ESCOBAR v. CALIFORNIA CORRECTIONS DEPT.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      Order to Show Cause and Denying Without Prejudice Application to Proceed In Forma Pauperis (Dkt. 11)

On January 14, 2019, Petitioner Bryan K. Escobar ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. 1 at 8 [signature date].) Petitioner's instant filing includes: (1) his discharge of the Court's Order to Show Cause ("OSC"), and (2) a renewed request to proceed in forma pauperis ("IFP"). (Dkt. 11.)

## I. ORDER TO SHOW CAUSE.

Pursuant to its authority under Rule 4 of the Rules Governing § 2254 Petitions, the Court screened the Petition. On February 5, 2019, the Court determined that the Petition appears both untimely and unexhausted, and therefore ordered Petitioner to show cause, in writing, why the Petition should not be dismissed.[1] (Dkt. 4.) Petitioner did not timely discharge the OSC.

---

[1] The Order to Show Cause required Petitioner to do one of following: (1) show that his Petition is timely and exhausted, (2) show that his Petition is timely and file a motion for a Rhines stay, or (3) voluntarily dismiss the action. (Dkt. 4.) The Court noted that two of Petitioner's claims (i.e., Eight Amendment and Proposition 57 claims) appear to be civil rights claims, not habeas claims, and could be filed as a civil rights lawsuit in the Southern District of California (i.e., the jurisdiction where he is presently in custody.) (Id.)

Petitioner did, however, file a renewed request to proceed IFP. (Dkt. 6.) With this filing, Petitioner included documents showing that he is "identified with a disability/communication issue," he requires a number of "Adaptive Supports" in prison, and he was previously incarcerated at California Health Care Facility in Stockton, California ("CHCF").[2] (Id.)

Understanding that Petitioner suffers from some disability, the Court sua sponte extended Petitioner's deadline to discharge the OSC, requiring Petitioner to indicate whether he intends to pursue federal habeas relief in this Court or file a civil rights action in the Southern District of California. (Dkt. 8.) Petitioner filed a reply, indicating that he intends to pursue federal habeas relief in this Court. (Dkt. 11.)

Because Petitioner timely discharged the OSC and conveyed his intention to the Court, the Court orders Petitioner to respond to the Court's initial OSC **on or before May 16, 2019**. The Clerk is instructed to provide Petitioner with a copy of the Court's initial OSC (Dkt. 4). Petitioner must show that his Petition is timely. In addition, Petitioner must either (1) show that his grounds for relief are exhausted, or (2) move for a Rhines stay. Petitioner should refer to the Court's OSC (Dkt. 4) for the three requirements for a Rhines stay. Finally, if Petitioner agrees that two of his grounds for relief (i.e., his Eighth Amendment and Proposition 57 claims) are civil rights claims (rather than federal habeas claims), then Petitioner may also file a notice of voluntary dismissal of those claims.

## II.   IFP APPLICATION.

When filing his Petition, Petitioner did not pay the $5.00 filing fee but included a Declaration in Support of Request to Proceed IFP. (Dkt. 1 at 9.) Petitioner did not include a certified copy of his inmate trust account statement or any other documentation. Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides as follows:

> An original and two copies of the petition must be filed with the clerk and must be accompanied by: (1) the applicable filing fee, or (2) a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution.

---

[2] Per the CHCF website, "CHCF provides medical care and mental health treatment to inmates who have the most severe and long term needs. The … facility is certified to provide intermediate level care and to complement less acute treatment provided in other prisons operated by the CDCR." See https://www.cdcr.ca.gov/Facilities_Locator/CHCF.html.

28 U.S.C. § 1915 requires the following affidavit:

> [A]n affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

Accordingly, on February 6, 2019, the Court ordered Petitioner to either submit a completed IFP application or pay the $5.00 filing fee within thirty days. (Dkt. 5.) Petitioner's renewed IFP application did not include an affidavit with a statement of assets or a certified inmate trust account statement for the six months preceding the filing of the Petition. (Dkt. 6.) The Court provided Petitioner an additional thirty days to file a completed application or pay the filing fee. (Dkt. 7.) Petitioner filed a renewed application, which also did not include a certified inmate trust account statement for the six months preceding filing of the Petition. (Dkt. 9.) The Court found, "the request does not include the certificate of an authorized officer or Petitioner's trust account statement for the six (6) months preceding the filing of the Petition," and provided Petitioner an additional thirty days to file a completed application or pay the filing fee. (Dkt.10.)

Petitioner's most recent filing requests a "new form" and includes the first page of an order from an Eastern District of California case (1:19-cv-00321),[3] in which Petitioner was granted permission to proceed IFP. To the extent Petitioner intended this filing as a renewed request to proceed IFP, Petitioner's request is DENIED WITHOUT PREJUDICE.

The Court instructs the Clerk to send Form CV-60 (Declaration in Support of Request to Proceed IFP) to Petitioner with this Order. In addition to completing the affidavit, Petitioner must submit a copy of his inmate trust account statement, **certified by an authorized prison officer**, for the six-months preceding the filing of the Petitioner. Petitioner shall submit a renewed IFP application or pay the $5.00 filing fee **within thirty (30) days (i.e., on or before May 16, 2019).**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk JD

---

[3] This is a prisoner civil rights action filed under 42 U.S.C. § 1983, in which Petitioner alleges that he suffered various constitutional violations while incarcerated. (1:19-cv-00321, Dkt. 1.) In that case, Petitioner filed the required affidavit (id., Dkt. 2) and a certified copy of the trust account statement. (Id., Dkt. 4.) Petitioner has not filed a certified copy of his trust account statement here.